UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFREDO P. GONZALEZ,

                Plaintiff,

-against-

BAD BOY ENTERTAINMENT; CEO, SEAN P. DIDDY COMBS,

                Defendants.

1:24-CV-3460 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Alfredo P. Gonzalez, who appears *pro se* and is currently incarcerated in the Centennial Correctional Facility in Canon City, Colorado, brings this action asserting claims of defamation. He seems to allege that he is a citizen of Colorado, and he sues: (1) Bad Boy Entertainment ("Bad Boy"), which, he alleges, "is a corporation duly organized and existing under the laws of the [S]tate of New York"; and (2) Sean "P. Diddy" Combs, Bad Boy's Chief Executive Officer, whom he alleges is a citizen of the State of New York. Plaintiff seeks $666,000 in damages. The Court understands Plaintiff's complaint as asserting claims of defamation under state law under the court's diversity jurisdiction.

By order dated May 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff alleges the following: Due to what appear to be his connections with the Sinaloa Drug Cartel,[2] on or about May 5, 2021, Plaintiff received a telephone call from an unidentified business partner of Combs. The business partner told Plaintiff that Combs "was wanting to set up some business deals with [the] Sinaloa Cartel." (ECF 1, at 2.) Plaintiff responded by saying that he was "always willing to set up business deals with the rich for drugs." (*Id.*) Combs's "business partner stated that [Combs] was looking to make a deal to get some young [g]irls/[b]oys for a party in New York." (*Id.*) While Plaintiff wanted to speak to Combs himself, he told the business partner that such an arraignment "could not happen" because the cartel did "not sex traffic under age kids." (*Id.*) The business partner told Plaintiff "that he ha[d] nothing to worry about [because] . . . Combs ha[d] everything on lock street slang for no one can fuck with us [*sic*]." (*Id.*) Plaintiff told the business partner that there was "no money" in sex trafficking; the business

---

[2] Plaintiff seems to allege that he is a member of that cartel. (*See* ECF 1, at 1-2.)

partner then told Plaintiff that he was making "a big mistake for not tak[ing] the offer from . . . Combs," and the call ended without an agreement.³

The same unidentified business partner of Combs later communicated again with Plaintiff, "asking once again if [Plaintiff] could help get some under[age] [b]oy[s] and [g]irls over the U.S. [b]order and that . . . [P]laintiff could come to the party and watch the shows they put on." (*Id.*) Plaintiff refused; he told the business partner that he "want[ed] no part in their sex offender shit[,] . . . not to contact him[,] [and] that Sinaloa wants no part in their sex offender[] shit. . . ." (*Id.*) Plaintiff also insulted Bad Boy. The business partner then told Plaintiff "that he can make [Plaintiff's] life hell because of how much power he has in the streets." (*Id.*) Plaintiff told him to "do what you do." (*Id.*)

"Due to . . . Combs['s] [and Bad Boy's] defamation of . . . [P]laintiff[,] [Plaintiff] has lost all his business contacts in the [S]tate of New York. . . ." (*Id.*) Plaintiff was informed by his own business partner "that he cannot do business with [Plaintiff until Plaintiff] helps Bad Boy out. This has cost[] . . . [P]laintiff a lot of money." (*Id.*)

## DISCUSSION

**A.     Standing**

Plaintiff has failed to allege facts sufficient to show that he has standing to assert his claims. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64

---

³ Plaintiff alleges that the telephone call was recorded because he was under surveillance by the United States Department of Justice.

(1997). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal quotation marks and citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (internal quotation marks and citation omitted). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." *Mahon*, 683 F.3d at 62 (internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement . . . .").

Plaintiff appears to allege that the defendants have injured him with regard to his illegal drug smuggling and sales business by defaming him. Because Plaintiff's business is not alleged to be a *legally protected interest*, however, Plaintiff has not shown that the defendants have caused him an injury in fact for the purpose of establishing standing. *See PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, No. 19-CV-7577 (KMK), 2024 WL 1199500, at *8 (S.D.N.Y. Mar. 20, 2024) ("The argument is perhaps best summed up in a leading civil procedure treatise: 'Standing would not be recognized for a smuggler who asserted that his drug traffic was disrupted. Although the smuggler had been injured in fact, . . . the asserted interest is not one the courts will protect.'" (quoting 13A C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. Juris. § 3531.4 (3d ed. 2023) (footnote omitted))). Accordingly, the Court dismisses

Plaintiff's claims for lack of standing and, consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62.

**B.      Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("An action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Plaintiff, without any legal bases, appears to assert claims of defamation against the defendants, seeking damages arising from injury incurred to his illegal drug smuggling and sales business caused by the defendants' alleged defamation of Plaintiff because he refused to arrange sex trafficking of underage children for the defendants, including what appears to be international sex trafficking. Since there are no apparent legal bases for any of these claims, the Court additionally dismisses Plaintiff's claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   August 12, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge